Motion for Costs, Page 1

November 25, 2020

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial et al* 1:20-Cv-03871-GHW-SDA

**LETTER MOTION FOR COSTS UNDER RULE 4(d)(2) / SERVICE WAS NOT BY EMAIL**

Dear Hon Magistrate Judge Stewart Aaron

    Pursuant to FRCP Rule 4(d)(2) Plaintiff respectfully moves this Court for costs and expenses as well as reasonable time in preparing this motion for the paper service on Julie Villa. This letter acknowledges that <u>service was completed on Julie Villa on October 31, 2020 at 10:31am via process server</u> at her residence in Utah. Plaintiff respectfully writes to notify the Court to correct the affirmation that incorrectly states Ms. Villa was served via email. These facts are not correct. Further Plaintiff notifies the Court that Ms. Villa's motion to dismiss was filed untimely and did not contain a Memorandum of Law as required under FRCP 12(A). Therefore Plaintiff is entitled to move for default. For the reasons set forth Plaintiff objects to further late filings.

**Ms. Villa was not served by email but by Process Server**
    This letter together with the affidavit from the Process Server acknowledges that <u>service was completed via process server at her residence in Utah</u> on Julie Villa on October 31, 2020 at 10:31am (*See* ECF22). Ms. Villa was not served via email and her affirmation of service does not contain accurate facts and representations to the Court, in prejudice to Plaintiff. Therefore Plaintiff is entitled to costs as permitted under FRCP Rule 4(b)(2).

    As demonstrated in the attached exhibits, the documented record shows that Ms. Villa has previously refused to accept email service and failed to sign a waiver of service, which was provided to her repeatedly between August 30, 2020 and requested to be completed on or before October 30, 2020. Attached are copies of numerous emails sent to Ms. Villa.

    Plaintiff initially tried to contact Ms. Villa on or around August 14, 2020 in the same manner as other Defendants seeking a waiver of service. Plaintiff received confirmation from a Mike Tattas at Garwood on the same date that Ms. Villa was aware of the Complaint and had been forwarded a copy and was in receipt of the Complaint. However Ms. Villa intentionally chose not to accept the waiver of service that was provided to her signed on August 30, 2020. Plaintiff notified the Court by letter (*ECF*12) and was granted 90 days from the issuance of summon on August 21, 2020 until on or around November 20, 2020 to effectuate paper service. (See *ECF*15)

    After Plaintiff filed its amended Complaint on September 30, 2020, Plaintiff hired a process server in Austin Texas and delivery was unsuccessful in that state. (*See* Exhibit 1). Plaintiff contacted two other

processes servers who performed professional skip tracing with no record of residential addresses locating Ms. Villa near her work addresses in Austin that were provided. (*See* Exhibit 2 and 3). Plaintiffs did professional background checks and also contacted several times her recorded place of employment. (*See* Exhibit 4, Exhibit 8). Plaintiff also made several attempts to both telephone Garwood.

After locating several alternate addresses using professional searches Ms. Villa was located in both Santa Ana, CA and Kula, Hawaii and offices in Texas, and a cellphone from Arizona. Plaintiff made several attempts to contact both Ms. Villa and her employer Garwood via email offering the opportunity to waive service on or before October 30, 2020 and seeking the correct address. Plaintiff verified that Ms. Villa is receiving emails at her work address also at jvilla@garwoodsecurities.net. As per prior attempts to waive serve, Ms. Villa has been aware of this proceeding since August 14, 2020. (See supra).

At no time did Ms. Villa respond or voluntarily cooperate with either accepting service via email or signing a waiver or providing a correct residential address. In accordance with FRCP 4, Ms. Villa therefore has failed to accept the waiver of service granting her sixty (60) day time period to reply. As a result, Plaintiff has incurred additional time and cost, including running criminal background checks, locating her across multiple states. There were public records of sizable judgments or liens in the State of California. The Compliance Officer at Garwood eventually responded by providing details of her updated residential address in the state of Utah. By confirmation from her employer at Garwood Securities, the address is her correct residence as she is a licensed and registered broker at FINRA now in Utah.

Again on October 27, 2020 Plaintiff tried in good faith to contact Ms. Villa to avoid service costs and at the email confirmed she was receiving by her manager at Garwood. Again there was no response. (*See* Exhibit 5). Upon Defendants' failure to return the waiver form within the time required under Rule 4(d), Plaintiff effected service on defendants using alternate means.

Plaintiff rehired a process server in Herimann, Utah, and service was completed after two attempts in accordance with the signed affidavit of service. (*See* Exhibit 6 and 7) <u>Service was completed on Ms Villa on October 31, 2020</u>. Plaintiff complied with the Court directives to complete service on or by November 20 2020 (ECF15) and expended significant time, expense and resource due to Ms. Villa's refusal to accept a waiver of service via email, which was clearly explained to her on several occasions. *See, e.g., Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 243–44 (2d Cir.1994) (defendant failed, for untenable reasons to answer the complaint after "purposely evad[ing] service for months"); *S.E.C. v. Breed,* No. 01–CV–7798, 2004 WL 1824358, at (S.D.N.Y. Aug.13, 2004) (holding that a defendant's default was willful because the evidence suggested defendant evaded service where plaintiffs attempted personal service [several] times, and the court did not find the defendant's explanation compelling).

Under Rule 4 – the waiver of service to reduce costs is a requirement. Ms. Villa was provided clearly on the Waiver of Service form the required notice, as well as several emails the waiver was to be completed on or before October 30, 2020.

Rule 4(d)(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Plaintiff respectfully requests reimbursement of its costs and expenses as permitted under Rule 4(d)(2) as well as reasonable time and additional effort and costs for the several days to locate her across multiple states, expected not to exceed fourteen hours. An accounting for these costs and expenses has been provided to total $1,217.75 plus $488.19 of Westlaw. Further Ms. Villas' response was due on November 23, 2020. Ms. Villa was not granted any leave to file a Memorandum late. In equity, Plaintiff also Pro-Se, has always complied with Court rules and sought leave from the Court for extensions some of which have been denied. (See 20-CV-03668, *ECF*16).

By the detailed exhibits attached, Ms. Villa has been provided sufficient notice of this Complaint since August 14, 2020 and has had over three (3) months to formulate has response. Plaintiff argues she has been evading service as evidenced from the emails (Exh. 5). Plaintiff Kumaran, even though *Pro-Se*, has timely met and had to comply with all Court deadlines and rules. Under Rule 15, Defendant Villa was served via paper service on October 31, 2020 and her answer or pre-answer was due on November 23, 2020. *See* Fed.R.Civ.P. 15(a)(3) (stating that a party has fourteen days to respond to an amended pleading). *See* Fed.R.Civ.P 12(A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint. In accordance with Second Circuit law, Ms. Villa's failure to answer or provide a pre-answer by November 23, 2020 provide Plaintiff with the right to move for default on her failure to file and answer or pre-answer. Further Plaintiff expressly objects to Ms. Villa "cutting and pasting" a later filed Memorandum of Law, that just copies from other Defendants' expected filing on December 1. 2020, Ms. Villa has not sought leave from the Court for any extension, and being permitted to copy or cut and paste other Defendants Memorandum is unfair and prejudicial to Plaintiff. Ms. Villa also is not entitled to a 60 day filing window that benefits those waiving service under Rule 4.

While Plaintiff accepts only her 1 day late filed Motion to Dismiss, Plaintiff objects to any later filing of memorandum which Plaintiff asserts is designed to not seek leave from the Court and then be able to copy other Defendants December 1, 2020 filing. This is expressly not permitted under Local Rules. Plaintiff has documented the great lengths to which Ms. Villa attempted to evade service and costs and time to Plaintiff for over three (3) months. These actions were bad faith, could have been avoided, sought to drive up costs to Plaintiff and would have readily granted her the necessary extensions. Plaintiff also objects to the inaccuracies submitted to the Court that she was served by email. She was not. Great effort and unnecessary burden to Plaintiff was taken to locate her across multiple states to effect paper service.

Finally, in conclusion, Plaintiff therefore also seeks reimbursement for the unnecessary costs, time and expense of filing paper service, and inconvenience and burden which could well have been avoided. Second Circuit Law supports the enforcement of this Rule. Pursuant to Rule 4(d)(2), Plaintiff is entitled to an award of costs incurred in effecting service (i.e., the process server fee and associated ancillary costs). Plaintiffs are further allowed *reasonable* fees for the portion of counsel's time attributed to preparing the Rule 4(d)(2) Letter to recover the costs of effecting service. *See* Fed.R.Civ.P. 4(d)(2); *Bozell Grp., Inc. v. Carpet Co-op of Am. Ass'n, Inc.,* No. 00 Civ. 1248, 2000 WL 1523282, at *4 (S.D.N.Y. Oct. 11, 2000). U.S. Engine Prod., Inc. v. AGCS Marine Ins. Co., 769 F. Supp. 2d 626, 629 (S.D.N.Y. 2011) Therefore Plaintiff seeks to s reimbursement of its costs expenses and unnecessary time and effort to effectuate paper service under Rule 4(d)(2). (See attached). Attached are invoices of $1,217.75 plus Westlaw of $488.19 for the costs and expenses of service as well as time spent in preparing the motion.

Thank you for your consideration, Respectfully submitted,

//SSK// Samantha Siva Kumaran