```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Samantha Siva Kumaran,

                              Plaintiff,

-against-

Vision Financial Markets, LLC, et al.,

                              Defendants.

1:20-cv-03871 (GHW) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Samantha Siva Kumaran ("Plaintiff" or "Kumaran"), pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, to recover the expenses she incurred in effecting service of process on Defendant Julie Villa ("Villa"). (Pl.'s 11/25/20 Ltr. Mot., ECF No. 27.) For the reasons set forth below, Plaintiff's motion is DENIED.

**BACKGROUND**

On May 19, 2020, Kumaran commenced this action by filing her Complaint. (*See* Compl., ECF No. 1.) On August 14 and 17, 2020, Kumaran sent a waiver of service form, together with her Summons and Complaint, to Villa by email. (*See* 11/25/20 Ltr. Mot. at 1; 8/14/20 & 8/17/20 Emails, ECF No. 27-5 at PDF pp. 1-2.) The August 14 email had no text, but the August 17 email stated:

> Ms[.] Villa, I sent you a waiver of service and complaint last week. I am re-attaching the forms together with the accepted waiver of service form you need to sign and fill out and send back.
>
> If you are represented by counsel[,] please forward to me their contact information. If you could please sign and fill out the following today so it can be filed with the Court and avoid the unnecessary cost and expense of serving by hand.

(8/17/20 Email, ECF No. 27-5 at PDF p. 2.)

On September 30, 2020, Kumaran filed her Amended Complaint. (*See* Am. Compl., ECF No. 20.) On October 20, 2020, an agent for service of process unsuccessfully attempted to effect service on Villa at an address in Texas. (*See* Aff. of Nonservice, ECF No. 27-1.) On October 23, 2020, Kumaran sent a waiver form, together with her Summons and Amended Complaint, to Villa by email. (*See* 11/25/20 Ltr. Mot. at 2; 10/23/20 Email, ECF No. 27-5 at PDF p. 3.) Kumaran's October 23 email stated as follows regarding the waiver of service:

> Please provide a current address or work address that we can contact you, or alternatively please fill out the Waiver of Service form signed so that we do not need to continue to send a Process Server to your addresses to locate you. Please be reminded that the form attached states as follows:
>
> It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within days (give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

(10/23/20 Email, ECF No. 27-5 at PDF p. 3.)

On October 31, 2020, Villa was personally served at her Utah address. (*See* Aff. of Service, ECF No. 22.) Kumaran now seeks recovery of costs and expenses for the failed service attempt and the actual service. (*See* Invoice, ECF No. 27-9.)

## LEGAL STANDARDS

A plaintiff may request "[a]n individual . . . that is subject to service under Rule 4(e), (f), or (h)" to waive service of a summons. Fed. R. Civ. P. 4(d)(1). The notice and request to waive service must comply with the following requirements:

2

      (A) be in writing and be addressed:

          (i) to the individual defendant; . . .

      (B) name the court where the complaint was filed;

      (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

      (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

      (E) state the date when the request is sent;

      (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

      (G) be sent by first-class mail or other reliable means.

*Id*. If a defendant refuses to waive service without good cause, the court must impose the following on defendant: (1) expenses later incurred in making service; and (2) reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. Fed. R. Civ. P. 4(d)(2).

      The procedural requirements of Rule 4(d)(1) are a "condition precedent to a demand for costs for refusal to waive service." *Davies v. Scott*, No. 15-CV-00021 (GJK), 2015 WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015) (quoting *Spivey v. Bd. of Church Extension and Home Mission of the Church of God*, 160 F.R.D. 660, 662-63 (M.D. Fla. 1995)); *see also Gaby's Bags, LLC v. Mercari, Inc.*, No. 20-CV-00734 (WHA), 2020 WL 7664455, at *3 (N.D. Cal. Dec. 25, 2020) ("In order for its costs and fees to be recoverable under Rule 4(d)(2), [a party] must first show that it made proper requests for waiver of service, meeting the condition[s] precedent[] in Rule 4(d)(1).").

**APPLICATION**

Plaintiff has not demonstrated that she is entitled to recover the costs and expenses incurred in serving Villa. Specifically, Plaintiff has failed to demonstrate that she provided to Villa a prepaid means for returning the waiver form, as required by Rule 4(d)(1)(C). Since Plaintiff sent the waiver forms by email, she failed to provide Villa, for example, with a self-addressed, stamped envelope.[1] As such, Plaintiff failed to meet the requirements of Rule 4(d) and is not entitled to recover her costs and expenses. *See Gaby's Bags, LLC*, 2020 WL 7664455, at *4 (waiver form sent by email not valid since not accompanied by prepaid means for returning form).

In any event, Villa was not served before Plaintiff filed her Amended Complaint in September 2020, and Plaintiff thereafter sent a waiver form along with the Summons and Amended Complaint to Villa on October 23, 2020. (*See* 10/23/20 Email.) However, Plaintiff then arranged for personal service on Villa only eight days later (*i.e.*, on October 31, 2020) and thus did not comply with Rule 4(d)(1)(F), which requires that the defendant be given "a reasonable time of at least 30 days after the request was sent . . . to return the waiver." *See* Fed. R. Civ. P. 4(d)(1)(F). Once again, since Plaintiff failed to meet the requirements of Rule 4(d), she is not entitled to recover her costs and expenses.

**CONCLUSION**

By reason of the foregoing, Plaintiff's motion is DENIED. Villa's Letter Motion to strike Plaintiff's reply (ECF No. 53) is DENIED AS MOOT.

---

[1] Plaintiff's October 23, 2020 email noted that the waiver form she enclosed stated: "Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy." (*See* 10/23/20 Email.) However, her email could not have enclosed a physical stamped, self-addressed envelope, and Plaintiff has submitted no proof that she provided "other prepaid means."

The Clerk of Court is respectfully requested to mail a copy of this Order to *pro se* Defendant Villa. In addition, a copy of this Order will be emailed to Defendant Villa by Chambers.

**SO ORDERED.**

Dated:    New York, New York
          March 30, 2021

                                          _____
                                          STEWART D. AARON
                                          United States Magistrate Judge