USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/9/2021__

Application DENIED. Plaintiffs have not made the required showing as they have not "point[ed] to controlling decisions or data that the [C]ourt overlooked." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018). SO ORDERED.
Dated: August 9, 2021

40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial Markets et al* 1:20-Cv-03871-GHW-SDA

### LETTER MOTION TO RECONSIDER ECF87 TO FILE AMENDED COMPLAINT AND ADJUST SCHEDULING FOR PLAINTIFFS OPPOSITION TO MTD.

Dear Hon Judge Aaron;

Plaintiffs file this motion timely within fourteen(14) days pursuant to Rule 59(b). On July 30, 2021, with little over seven (7) days since the prior Court Order ECF87 on July 23, 2021, Plaintiffs timely filed an omnibus Second Amended Complaint ("SAC") (ECF91). The complaint was amended after a back-to-back schedule of filing in related cases (see infra) which ended on July 20, 2021, with no time prior to attend to the SAC. After seeking a majority consent extension that extension was denied on July 23, 2021.(ECF86, ECF87). This allowed us only seven (7) days to complete an amendment. Plaintiffs were therefore not reasonably able to revise or edit down the prior complaints and may have missed many of the intended goals that were previously discussed.

As such, pursuant to Local Rule 59(b), in order to avoid any prejudice, because of the unworkable seven (7) day turnaround - with little time to consolidate or edit the complaint, or reduce repetition - Plaintiffs respectfully seek relief from the Court to have the ability to amend the SAC and sufficient time to edit and shorten the Complaint. Further given the complexity of the Complaint, Plaintiffs respectfully seek a reasonable period of time of no less than thirty (30) days to do this – which majority of Defendants had consented to. (ECF86). (The original time sought to amend the Complaint was 45 days, and there was no indication Plaintiffs could achieve any reasonable modification in 7 days). Further, Plaintiffs had originally sought this relief in light of any ruling by Judge Woods on the three pending motions which may impact the SAC; however, this request is now sought, as there was simply not enough time in seven (7) days to properly edit and/or shorten the complaint. Plaintiffs did not want to miss any filing deadlines – and therefore made best efforts to complete whatever they could in compliance with a July 30, 2021 date.

Page 2

Further, Plaintiffs also respectfully seek relief that the time to respond to any motions to dismiss (from which there will be at least *two* distinct motions from separate Defendants Villa and Vision Defendants) that they shall have 60 days - which is consistent with Judge Woods Individual Rules for *Pro-Se* Plaintiffs - that they shall have 30 days for each motion. Currently Plaintiffs note that Defendants have 49 days from the Complaint to file an Motion to Dismiss, and Plaintiffs have to file both responses within 30 days. Given how much work was entailed in the NFA Opposition to the Motion to Dismiss, Plaintiffs respectfully seek the time of 60 days – and certainly not less than the 49 days being given to Defendants. Given the complexity of the case, and the multiple Defendants, this period of time is needed to avoid any hasty filing – and to properly separate the responses and to organize the responses between each of the Defendants.

*Background*

On April 30, 2021 Plaintiffs requested a forty five (45) day period to file a combined "Omnibus" complaint and to edit any sections down. (see ECF74 at 22). They had also intended to consolidate sections and separate Plaintiffs. The transcript clearly documents the parties had previously requested from June 15, 2021 until July 30, 2021 which was the 45 days requested, during which time they had anticipated no other overlapping motion. The scheduling order was made in good faith and set on April 30, 2021 *without* the knowledge or foresight of any other orders that may required motions.

As was unanticipated, the Court then issued several orders, and there was subsequent exhaustive motion practices in this and related cases, which, pursuant to Local Rule and Individual Rules, required **_all_** of Plaintiffs' time. Both Plaintiffs are not staffed as a law firm and have no other persons to delegate these motions to.

Below is a good cause of the scheduling that shows a maximum use of Plaintiffs time between April 30, 2021 and July 20, 2021 leaving almost no time, to even commence amending the SAC in this case. Plaintiffs have had to meet substantial overload of filing deadlines and scheduling as itemized below. Over **18 filings and motions** in approximately 2 months on Pro-Se Plaintiffs

(a) May 7, 2021 - reply motions in the 20-CV-3873 case (Local Rules permits at least 7 days for this and Pro-Se Rule 14 days)
(b) May 10, 2021 – motion to intervene in related case for NAM and NHC 20-CV-3873
(c) May 21, 2021 – Order requiring Arbitration records be filed (and needed redactions) – ECF51

Page 3

> (d) May 25, 2021 - filing of a Motion for Sealing Order - ECF55 (5 days turn around)
> (e) May 26, 2021 – two filings of redactions of Arbitration Records filed in 20-CV-3873 (ECF58, ECF59)
> (f) May 28, 2021 – Order related to filing of SAC in 20-CV-0381.
> (g) June 7, 2021 – Order related to Motion to Compel Arbitration
> (h) June 11, 2021 - motion for reconsideration granted in part 20-CV-3871; (Plaintiffs time to prepare and file this under Local Rules allow 14 days) – ECF76
> (i) June 25, 2021 - two separate Motion for Reconsideration of Arbitration filed 20CV-3873 and for Intervention (Local Rules allows 14 days for each one) – ECF71
> (j) June 30, 2021 - two oppositions to the Motion to Dismiss in 20-CV-3668 (without one extension to accommodate the other motion practice). Judge Woods rules for Pro-Se filings allows 30 days, but Plaintiffs had less than 14 days. (20-CV-3668 ECF98, ECF99, ECF100)
> (k) July 14, 2021- three reply motions for the for the reconsiderations motions above (Local Rules allows 7 days and 14 days for Pro-Se Plaintiffs) 20-CV-3871 ECF85, 20-CV-3873, ECF78, ECF79
> (l) July 20, 2021 - reference amendments in reference to the Opposition to MTD. 20-CV-3668 ECF106, ECF107, ECF108

As the Court knows, neither Plaintiff *Pro-Se,* nor counsel for Nefertiti, have staff or paralegals to assist and have to deploy their own full resources to each of the above motions. Many of the above turnaround times, did not allow for the reasonable time period, which are typically permitted under Local Rules of 14 days (and Judge Wood's rule for *Pro-Se* parties to have 30 days) to properly respond to each of the above motions and protect their interests. The problem has originated because the related cases schedules are all overlapping, each motion has to be filed in sequence as neither Plaintiffs have staff or associates to work in parallel on motions on their behalf. Therefore as can been seen by the filings on the record in the documented schedule above, Plaintiffs had no human possibility to amend the complaint in this foregoing time period.

As such, almost no work was done on the SAC until July 21, 2021 (Plaintiff Kumaran had to take a personal day out of the office). Therefore on July 22, 2021, Plaintiffs had first consulted with Defendants and had sought consent to realign the April 30, 2021 schedule to first discuss whether it made more sense to wait until Judge Woods ruled on the pending motions for reconsideration, and to adjust or allow for a reasonable 30 days to properly adjust and amend the complain – and at a minimum adjust the date until August 31, 2021. (ECF86). The Court denied a majority consent motion, thus leaving Plaintiffs about seven (7) days to amend the Complaint which was too short a period of time to accomplish the original goals. (ECF87). The previous time that was previously

Page 4

contemplated and granted was 45 days which was with the reasonable expectation there would be no overlapping motions.

On July 27, 2021 Plaintiffs again notified the Court that they were concerned they did not have sufficient time to properly edit and amend the complaint in the seven (7) days between motions in related cases. (ECF88) Plaintiffs' motion therefore is to prevent any prejudice from having such a short time window to amend. Plaintiffs respectfully seek leave to avoid any prejudice, a reasonable thirty (30) days to edit or file a revised complaint, if there is to be any prejudice form the existing filing done in such short turn around.

In addition for the scheduling timetable of the proposed Opposition response, Plaintiffs respectfully request sixty (60) days to respond to the projected (at least) *two* separate motions to dismiss that are anticipated. The current scheduling only allows for thirty (30) days, which is less than the amount provided for by Judge Woods rules for *each Pro-Se* opposition response for two separate motions. We also note again that Defendants – many of whom are represented by large law firms and several associates have been granted 49 days.

We would like the time, as our experience now shows, that these oppositions can take significant time, and cannot be efficiently presented to the Court against multiple Defendants in as short as 30 days (for two separate oppositions), and we would not be able to adequately defend or oppose the causes without equitable time. Plaintiffs' request is not to delay the case, but to make sure their causes, complaint, and legal arguments, are properly articulated and that any shortage of time, is not going to be unfairly used against us or prejudice us in a dispositive motion. We also properly document that in seven (7) days, we had almost <u>no time</u> to edit down or think through a prepare a consolidated amendment. Further Plaintiffs' good cause is to avoid any procedural inequity in both time to Defendants, and size and resources. Our request is also in light of the 49 days being granted to Defendants to file their own motions to dismiss. In the alternative, we seek no less than 49 days (with a preference of 60 days) to be able to respond. Thank you.

Respectfully submitted.

//SSK//                                             //BMA//
Samantha Siva Kumaran                Brian M. August
                                                        Counsel for NAM, NRCM and NHC