```
                                                                    USDC SDNY
                                                                    DOCUMENT
                                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                       DATE FILED: 3/2/2022
------------------------------------------------------------- X
                                                              :
SAMANTHA SIVA KUMARAN, et al.,                                :
                                                              :
                                        Plaintiffs,           :     1:20-cv-3871-GHW
                                                              :
                        -v -                                  :     ORDER
                                                              :
VISION FINANCIAL MARKETS, LLC, et al.,                        :
                                                              :
                                        Defendants.           :
                                                              :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

For the reasons stated on the record at the conference held on March 1, 2022, attorney Brian August's motion to withdraw as counsel for Plaintiffs Nefertiti Risk Capital Management, LLC, Nefertiti Holding Company, and Nefertiti Asset Management, LLC (collectively, the "Corporate Plaintiffs"), Dkt. No. 150, is GRANTED.

As the Court explained during the conference, corporate entities—such as the Corporate Plaintiffs—must appear before the Court through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). In other words, the Corporate Plaintiffs must retain an attorney should they wish to prosecute this case. Replacement counsel for the Corporate Plaintiffs must enter a notice of appearance in this case no later than April 1, 2012. If no attorney enters an appearance on behalf of the Corporate Plaintiffs by that date, the Court may dismiss their claims for failure to prosecute. *See Glob Auto, Inc. v. Hitrinov*, No. 13-cv-2479, 2015 WL 5793383, at *5 (E.D.N.Y. Sept. 30, 2015) (explaining that "[d]istrict courts in this Circuit have exercised their discretion to dismiss an action for failure to prosecute where a corporate plaintiff fails to obtain counsel after being directed to do so and being warned of the consequences of inaction"); *see also United States ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-7351, 2015 WL 740034 (E.D.N.Y. Feb. 20, 2015); *Negrin v. Kalina*, No. 09 Civ. 6234, 2013 WL 5925916 (S.D.N.Y. Nov. 5, 2013).

The case is STAYED through April 1, 2022 to allow the Corporate Plaintiffs to retain replacement counsel. In the event that the Corporate Plaintiffs retain new counsel prior to April 1, 2022, the stay will be lifted upon the filing of a notice of appearance by that counsel.

In addition, as explained at the conference, Kumaran's motion for an extension of time to show cause as to why this action should not be transferred to the District of Connecticut, Dkt. No. 160, is denied. In light of the stay, the deadline for Plaintiffs to respond to the order to show cause is extended to April 8, 2022.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 150, to remove Brian August from the list of counsel on the docket, and to indicate on the docket that this case is stayed.

SO ORDERED.

Dated: March 2, 2022
      New York, New York

                                                          GREGORY H. WOODS
                                                      United States District Judge