USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
SAMANTHA SIVA KUMARAN, et al.,           :
:
                                   Plaintiffs,   :   1:20-cv-3871-GHW
:
-v -                                :   <u>ORDER</u>
:
VISION FINANCIAL MARKETS, LLC, et al.,   :
:
                                  Defendants.   :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On January 21, 2022, Magistrate Judge Aaron entered an order denying Plaintiffs' motion for reconsideration of certain orders filed by Judge Aaron on January 3, 2022, and denied Plaintiffs' motion for an extension of time to file an opposition to Defendants' motions to dismiss. Dkt. No. 129. On February 4, 2022, Plaintiffs filed objections to Judge Aaron's January 21 order. Dkt. No. 130. Defendants' responded to Plaintiffs' objections on February 18, 2022. Dkt. Nos. 147, 149. Plaintiffs filed replies to Defendants' responses on February 25, 2022. Dkt. Nos. 157–58.

      At the outset, the Court observes that Plaintiffs timely filed objections to Judge Aaron's January 21 order, but did not timely file objections to Judge Aaron's January 3 orders, or any other prior order. Under Rule 72(a) a party must file objections to a magistrate judge's non-dispositive order "within 14 days" and "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). "[T]he Second Circuit and courts within this Circuit have routinely held that failure to file objections to a magistrate judge's order in a timely manner operates as a waiver of such objections." *David v. Weinstein Co. LLC*, No. 18-CV-5414, 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020) (collecting cases). Accordingly, to the extent that Plaintiffs seek to have the Court review any other order made by Judge Aaron, those objections are untimely. The only order to which Plaintiffs have timely objected to is Judge Aaron's January 21 order.

An objection directed at non-dispositive matters decided by the assigned magistrate judge, such as scheduling requests, will not be "modified" or "set aside" unless the Magistrate Judge's ruling was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)); *see also Marotte v. City of New York*, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) ("Magistrate judges are afforded broad discretion in resolving non-dispositive disputes, including matters of scheduling."). "A court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 14-cv-8175-LGS, 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 16-cv-7806-RA, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 14-cv-9792, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

Judge Aaron's order resolved two different motions. First, Judge Aaron denied Plaintiffs' motion for reconsideration of three orders regarding matters of scheduling filed by Judge Aaron on January 3, 2022. Dkt. No. 129 at 3. Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14-

2

cv-6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (quoting *Wilder v. News Corp.*, No. 11-cv-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted). Plaintiffs have not established that Judge Aaron's order denying the "extraordinary remedy" of reconsideration was clearly erroneous or contrary to law.

Second, Plaintiffs object to Judge Aaron's denial of NRCM and NAM's motion for an extension of time to file opposition to Defendants' motions to dismiss. Judge Aaron concluded that Plaintiffs' primary argument that "that they were not aware of their obligation to respond to the pending motions to dismiss because the 'Court ha[d] not asserted jurisdiction on their claims'" was "not credible." Dkt. No. 129 at 4 (alteration in original). Judge Aaron explained that the Court had made clear that "Plaintiffs, without qualification, were to file their opposition to the pending motions . . . no later than November 30, 2021." *Id.* Finally Judge Aaron noted that "Plaintiffs had almost three months to oppose Defendants' motions" and found "no merit in their proffered excuses" for their failure to do so. *Id.* at 6. Accordingly, Judge Aaron denied NRCM and NAM's untimely motion for an extension of time. *Id.*

Under these circumstances, Judge Aaron's denial of NRCM and NAM's request for an extension of time was well within the range of permissible decisions. This case was referred for general pre-trial and dispositive motions, Dkt. No. 7, and "magistrate judges are afforded broad

discretion in resolving non-dispositive disputes, including matters of scheduling." *Marotte*, 2017 WL 11105223, at *1.  NRCM and NAM have not established that Judge Aaron's denial of the request for an extension of time rests on an error of law or a clearly erroneous factual finding.

For the reasons articulated above, Plaintiffs' objections to Judge Aaron's January 21, 2022 order are DENIED.

SO ORDERED.

Dated: April 20, 2022
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

4