```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Samantha Siva Kumaran, et al., | |
| Plaintiffs, | |
| -against- | **1:20-cv-03668 (GHW) (SDA)** |
| National Futures Association, et al., | |
| Defendants. | |

| | |
|---|---|
| Samantha Siva Kumaran, et al., | |
| Plaintiff, | |
| -against- | **1:20-cv-03871 (GHW) (SDA)** |
| Vision Financial Markets, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| Samantha Siva Kumaran, et al., | |
| Plaintiffs, | **1:20-cv-03873 (GHW) (SDA)** |
| -against- | **OPINION AND ORDER** |
| ADM Investor Services, Inc., | |
| Defendant. | |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion in these three related cases by *pro se* Plaintiff Samantha Siva

Kumaran ("Kumaran"), pursuant to Rules 17(a) and 25 of the Federal Rules of Civil Procedure, "to

substitute dissolved LLC, Nefertiti Risk Capital Management, LLC ('NRCM') with the real party of

interest . . . Kumaran . . . and allow Kumaran to proceed as successor-in-interest for any remaining

claims accruing to NRCM." (Kumaran 5/6/22 Mot., 20-CV-03668 ECF No. 170, 20-CV-03871 ECF No. 191, 20-CV-03873 ECF No. 128.)[1] For the reasons set forth below, Kumaran's motion is DENIED.

## BACKGROUND

On December 14, 2015, Articles of Organization were filed, pursuant to Section 203 of the New York Limited Liability Company Law ("NY LLC Law"), on behalf of NRCM with the New York State Department of State. (Kumaran 5/7/22 Decl., 20-CV-03668 ECF No. 171; 5/6/22 Decl., 20-CV-03871 ECF No. 192; 5/6/22 Decl., 20-CV-03873 ECF No. 129, Ex. 1, at PDF pp. 2-3.) Kumaran later certified that she was the sole member and manager of NRCM.[2] (*Id*., Ex. 4.) She states that, at all times, she has "owned 100% of the membership units and interests of NRCM." (*Id*. ¶ 22.) Kumaran states that, "[b]y January 1, 2020 NRCM had completely ceased operations," and that "[a]ll interests in and to the company have been transferred to [her] individually including any and all liabilities, assets, whether exi[s]ting before or after." (*Id*. ¶¶ 168, 170.)

Thereafter, the three related actions were commenced in this Court, as follows:

### 20-CV-03668

On May 11, 2020, Kumaran filed a Complaint, on her own behalf and on behalf of NRCM, against the National Futures Association ("NFA"), among others, thereby commencing what is

---

[1] Kumaran filed a motion to substitute parties in each of the related cases, accompanied by a declaration by her. (*See* Kumaran 5/6/22 Decl., 20-CV-03668 ECF No. 171, 20-CV-03771 ECF No. 192, 20-CV-03873 ECF No. 129.) A motion to substitute parties is a nondispositive pretrial matter within the scope of my authority under 28 U.S.C. § 636(b)(1)(A). *See Grant v. Witherspoon*, No. 19-CV-02460 (PGG) (BCM), 2020 WL 71052, at *4 n.1 (S.D.N.Y. Jan. 3, 2020).

[2] Kumaran's Declaration suggests that the date of the document signed by her certifying that she was the sole member and manager of NRCM was January 18, 2017 (*See, e.g.*, Kumaran 5/6/22 Decl. ¶ 15), but the document itself is dated January 18, 2016 (*see, e.g.*, Kumaran 5/6/22 Decl., Ex. 4), which appears to be a typographical error.

referred to herein as the "NFA Action." (NFA Compl., 20-CV-03668 ECF No. 1.) In her Complaint, she alleges that NRCM was "a minority women owned small business, sole proprietor and LLC," and that she "is the legal successor and assign of the LLC." (*Id*. ¶ 12.)

On July 2, 2020, this Court entered an Order in the NFA Action stating that "Kumaran cannot assert any claims . . . on NRCM's behalf because NRCM is a limited liability company and because Kumaran is not an attorney." (7/2/20 Order of Dismissal, 20-CV-03668 ECF No. 13, at 8 n.8.) Citing controlling Second Circuit authority, the Court held that "a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney." (*Id*. at 6 (citing *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)). The Court also held that "a *pro se* litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her." (*Id*. (citing *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)). Thus, the Court "dismisse[d] without prejudice any claims Kumaran assert[ed] on behalf of NRCM – a limited liability company – and any that NRCM has assigned to her." (*Id*.) The Court also dismissed the other claims asserted in the NFA Complaint, without leave to amend. (*Id*. at 10-11.)

On July 20, 2020, Kumaran filed a motion for reconsideration in the NFA Action. (Pls.' 7/20/20 Mot., 20-CV-03668 ECF No. 17.) In her motion, Kumaran argued that she was "the rightful successor and assign of [NRCM's] claims," and that the Court erred "to not assign NRCM claims" to her. (*Id*. at 66-67.) In the alternative, she requested that the Court "afford NRCM the chance to retain counsel." (*Id*. at 66.) She also argued why she should be permitted to pursue a variety of claims against the NFA and the other defendants. (*See generally id*.)

On October 6, 2020, the undersigned issued a Report and Recommendation ("R&R") in the NFA Action granting in part and denying in part Plaintiffs' motion for reconsideration. (10/6/20 R&R, 20-CV-03668 ECF No. 33.) With respect to NRCM's claims, the Report and Recommendation stated, as follows:

> The Court did not overlook any matters or controlling decisions with respect to its holding that "Kumaran cannot assert claims on behalf of any other individual or other entity." *Kumaran*, 2020 WL 3630389, at *3. Under controlling law, as the Dismissal Order stated, "because a nonlawyer cannot bring suit on behalf of other individuals, a nonlawyer plaintiff appearing *pro se* cannot act as a class representative;" "a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney;" and "a *pro se* litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her." *Id*. (citing relevant Second Circuit precedent).

(10/6/20 R&R at 6.) It was recommended that Kumaran be permitted to file an Amended Complaint with respect to any claim she may assert on her own behalf under CEA § 22(b), and that NRCM be permitted to do so as well, but only if it appeared by counsel. (*Id*. at 8.) Kumaran filed no objection to the R&R and, on October 23, 2020, it was accepted and adopted in its entirety. (10/23/20 Order Adopting R&R, 20-CV-03668 ECF No. 34.)

On December 21, 2020, Brian August appeared as counsel of record for NRCM in the NFA Action. (12/21/20 Not. of Appearance, 20-CV-03668 ECF No. 44.) On March 2, 2022, Attorney August's motion to withdraw as counsel for NRCM was granted. (3/2/22 Order, 20-CV-03668 ECF No. 163.) In the Order granting the motion, the Court stated: "[C]orporate entities—such as NRCM—must appear before the Court through counsel. . . . In other words, NRCM must retain an attorney should it wish to prosecute this case." (*Id*. at 1 (citation omitted).)

On April 1, 2022, Joel MacMull and David Kostus both appeared as counsel of record for NRCM in the NFA Action. (4/1/22 Nots. of Appearance, 20-CV-03668 ECF Nos. 164 & 165.) On

4

May 20, 2022, Attorney MacMull's motion to withdraw as counsel for NRCM was granted. (5/20/22 Order, 20-CV-03668 ECF No. 174.)

### 20-CV-03871

On May 19, 2020, Kumaran filed a Complaint, on her own behalf and on behalf of NRCM, against Vision Financial Markets, LLC ("Vision"), among others, thereby commencing what is referred to herein as the "Vision Action." (Vision Compl., 20-CV-03871 ECF No. 1.) In her Complaint, she alleges that NRCM was "a minority women owned small business, sole proprietor and LLC," and that she "is the legal successor and assign of the LLC." (*Id.* ¶ 31.)

On August 20, 2020, the Court entered an Order in the Vision Action "dismiss[ing] without prejudice any claims Kumaran asserts on behalf of NRCM – a limited liability company – or that were assigned to her by NRCM." (8/20/20 Vision Order, 20-CV-03871 ECF No. 13, at 3.) In making this ruling, the Court cited two of the same Second Circuit cases as were cited in the July 2, 2020 Order in the NFA Action, *i.e.*, *Lattanzio*, 481 F.3d at 140 (for proposition that LLC must appear in federal court through counsel) and *Flaherty*, 540 F.3d at 92 (for proposition that *pro se* litigant who is not an attorney cannot assert claims in federal court that an artificial entity has assigned to her). (*See* 8/20/20 Vision Order at 2-3.)

On December 22, 2020, Attorney August appeared as counsel of record for NRCM in the Vision Action. (12/22/20 Not. of Appearance, 20-CV-03871 ECF No. 40.) On March 2, 2022, Attorney August's motion to withdraw as counsel for NRCM was granted. (3/2/22 Order, 20-CV-03871 ECF No. 163.) In the Order granting the motion, as in its March 2, 2022 Order in the NFA Action, the Court stated: "[C]orporate entities—such as NRCM—must appear before the Court

through counsel. . . . In other words, NRCM must retain an attorney should it wish to prosecute this case." (*Id*. at 1 (citation omitted).)

On April 1, 2022, Attorney MacMull  and Attorney Kostus both appeared as counsel of record for NRCM in the Vision Action. (4/1/22 Nots. of Appearance, 20-CV-03871 ECF Nos. 164 & 165.) On May 20, 2022, Attorney MacMull's motion to withdraw as counsel for NRCM was granted. (5/20/22 Vision Order, 20-CV-03871 ECF No. 196.)

**20-CV-03873**

On May 18, 2020, Kumaran filed a Complaint, on her own behalf and on behalf of NRCM (among others), against ADM Investor Services, Inc. ("ADMIS"), thereby commencing what is referred to herein as the "ADMIS Action." (ADMIS Compl., 20-CV-03873 ECF No. 1.) In her Complaint, she alleges that NRCM was "a minority women owned small business, sole proprietor and LLC," and that  she "is the legal successor and assign of the LLC." (*Id*. ¶ 20.)

On August 20, 2020, the Court entered an Order in the ADMIS Action "dismiss[ing] without prejudice any claims Kumaran asserts on behalf of NRCM – a limited liability company – or that were assigned to her by NRCM." (8/20/20 ADMIS Order, 20-CV-03873 ECF No. 11, at 2.) In making this ruling, the Court cited two of the same Second Circuit cases as were cited in the July 2, 2020 Order in the NFA Action and the August 20, 2020 Order in the Vision Action, *i.e.*, *Lattanzio*, 481 F.3d at 140 (for proposition that LLC must appear in federal court through counsel) and *Flaherty*, 540 F.3d at 92 (for proposition that *pro se* litigant who is not an attorney cannot assert claims in federal court that an artificial entity has assigned to her). (*See* 8/20/20 ADMIS Order at 2.)

On December 22, 2020, Attorney August appeared as counsel of record for NRCM in the ADMIS Action. (12/22/20 Not. of Appearance, 20-CV-03873 ECF No. 23.) On March 2, 2022, Attorney August's motion to withdraw as counsel for NRCM was granted. (3/2/22 Order, 20-CV-03873 ECF No. 96.) In the Order granting the motion, as in its March 2, 2022 Orders in the NFA Action and the Vision Action, the Court stated: "[C]orporate entities—such as NRCM—must appear before the Court through counsel. . . . In other words, NRCM must retain an attorney should it wish to prosecute this case." (*Id*. at 1 (citation omitted).)

On April 1, 2022, Attorney MacMull and Attorney Kostus both appeared as counsel of record for NRCM in the ADMIS Action. (4/1/22 Nots. of Appearance, 20-CV-03873 ECF Nos. 99 & 100.) On May 20, 2022, Attorney MacMull's motion to withdraw as counsel for NRCM was granted. (5/20/22 ADMIS Order, 20-CV-03873 ECF No. 146.)

*          *          *

On September 29, 2020 (during the pendency of the three related actions in this Court), Kumaran filed Articles of Dissolution, pursuant to Section 715 of the NY LLC Law, with the New York State Department of State. (*See, e.g*., Kumaran 5/6/22 Decl. ¶ 180 & Ex. 22.) The Department of State records reflect that NRCM became inactive as of March 2, 2022, because it was voluntarily dissolved. (*Id*., Ex. 30.)

**LEGAL STANDARDS**

**I.    Rule 17(a)**

Rule 17(a) of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). This rule "ensures that only a person who possesses the right to enforce a claim and who has a significant interest in the

7

litigation can bring the claim." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411, 420 (2d Cir. 2015) (citation omitted).

"[I]t is well settled that Rule 17(a)'s real party in interest requirement only applies at the commencement of a lawsuit." *Stoncor Grp., Inc. v. Peerless Ins. Co.*, No. 16-CV-04574 (LAK) (GWG), 2021 WL 2215558, at *5 (S.D.N.Y. June 2, 2021) (citing *Am. Centennial Ins. Co. v. Aseguradora Interacciones, S.A.*, No. 96-CV-04062 (JFK), 1997 WL 742530, at *4 (S.D.N.Y. Dec. 1, 1997)). "By contrast, 'Rule 25(c) controls where transfer [of interest] is made during the pendency of an action.'" *Id.* (quoting *Unison Realty Corp. v. RKO Theatres, Inc.*, 35 F.R.D. 232, 233 (S.D.N.Y. 1964)).

## II.    Rule 25(c)

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Substitution of a successor in interest . . . under Rule 25(c) is generally within the sound discretion of the trial court." *Fashion G5 LLC v. Anstalt*, No. 14-CV-05719 (GHW), 2016 WL 7009043, at *2 (S.D.N.Y. Nov. 29, 2016) (quoting *Organic Cow, LLC v. Ctr. For New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003)).

"The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated." *Fashion G5 LLC*, 2016 WL 7009043, at *2 (citation omitted). "The 'primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action.'" *Id.* (citation omitted). "Thus, substitution is inappropriate where it 'would serve only to add duration, costs, and complexity to an action . . .

8

[and] would prolong rather than bring the litigation nearer to its conclusion.'" *Id*. (citation omitted).

### III.     Law Of The Case Doctrine

The law-of-the-case doctrine "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Vaughn v. Phx. House N.Y., Inc*., 957 F.3d 141, 146-47 (2d Cir. 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)). "When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case unless the decision is clearly erroneous and would work a manifest injustice." *In re Shanda Games Ltd. Sec. Litig*., No. 18-CV-02463 (ALC), 2022 WL 992794, at *3 (S.D.N.Y. Mar. 31, 2022) (cleaned up) (quoting *Arizona v. California*, 460 U.S. 605, 618 & n.8 (1983)).

### APPLICATION

Applying the foregoing legal standards, after having reviewed all the parties' submissions, Kumaran's motion to substitute is denied. As an initial matter, Defendants dispute that Kumaran adequately has established that NRCM's interests have been transferred to her. (*See* 5/19/22 Vision Defs.' Opp. Mem., 20-CV-03871 ECF No. 193, at 3-4; 5/20/22 ADMIS Defs.' Opp. Mem., 20-CV-03873, ECF No. 145, at 3; 5/20/22 Villa Opp. Mem., 20-CV-3871 ECF No. 197, at 5-8.) However, even assuming NRCM's interests were properly transferred to Kumaran, the Court, in its discretion, finds that substitution is not warranted.

First, although NRCM has been dissolved, under New York law, it "remains a distinct legal entity for purposes of winding up its affairs," *see Houraney v. Burton & Assocs., P.C.,* No. 08-CV-

02688 (CBA) (LB), 2010 WL 3926907, at *3 (E.D.N.Y. Sept. 7, 2010), *report and recommendation adopted*, 2011 WL 710269 (E.D.N.Y. Feb. 22, 2011), and its members "may continue to sue and be sued 'in the name of and for and on behalf of the limited liability company[.]'" *Smart Team Glob. LLC v. HumbleTech LLC*, No. 19-CV-04873 (AJN) (BCM), 2022 WL 847301, at *12 n.1 (S.D.N.Y. Feb. 18, 2022) (quoting N.Y. Limited Liability Co. Law § 703), *report and recommendation adopted*, 2022 WL 846927 (S.D.N.Y. Mar. 22, 2022). Thus, NRCM's dissolution does not limit its ability to continue these related lawsuits. Accordingly, the Court considers whether substitution is warranted under Rule 25(c).[3] *See* 7C ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1958 (3d ed. 1999) ("If the substantive law allows the action to continue against the dissolved corporation or against those to whom its assets have been transferred, Rule 25(c) becomes applicable."). Under the express language of Rule 25(c), even if an interest is transferred, "the action may be continued by . . . the original party," Fed. R. Civ. P. 25(c), which is NRCM. *See id.* ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred."). Thus, the Court considers whether Kumaran's substitution will expedite and simplify the actions. *See Fashion G5 LLC*, 2016 WL 7009043, at *2.

The Court finds that permitting Kumaran to substitute in place of NRCM will not facilitate the conduct of the three related actions, but instead will bring added burdens to them. The Court's own experience with Kumaran as a *pro se* litigant bears out the additional burdens that

---

[3] To the extent that Kumaran's motion is based upon Rule 17(a), it also is denied. Rule 17(a)'s real party in interest requirement only applied at the commencement of the three related actions, *see Stoncor Grp., Inc.*, 2021 WL 2215558, at *5, and at that time, NRCM was the real party in interest with respect to its own claims.

will exist by having her appear on behalf of NRCM, in addition to herself, given, for example, her prolix filings. Although the Court "appreciate[s] the extent to which [Kumaran] must identify with the corporation's cause of action—in both a personal and financial sense[,] . . . [i]n light of the enormous complications her unschooled participation would bring to the conduct of the complex litigation before the court," *see Finast Metal Prods., Inc. v. United States*, 12 Cl. Ct. 759, 761 (1987), the Court cannot conclude that her substitution would expedite or simplify these actions.

Moreover, the Court finds that Kumaran's motion is a clear attempt to circumvent the Court's prior rulings that NRCM must be represented by counsel. As set forth above, the Court repeatedly has ruled in the three related actions that Kumaran, as successor and assign, may not prosecute claims on behalf of NRCM, but must proceed through counsel. These rulings were based upon binding Second Circuit precedent and plainly were correct. The fact that NRCM now has been dissolved does not change the applicable legal principles. Because NRCM may continue to litigate its claims after dissolution, there is nothing to differentiate a transfer of interests following dissolution from an assignment of claims under other circumstances. Accordingly, the Court finds that Kumaran's argument that she should be allowed to bring claims on behalf of NRCM because she is its successor (*see, e.g.*, Kumaran 5/6/22 Mot. at 1, 6-8) is foreclosed by the law-of-the-case doctrine.[4]

Even were this not the case, the Court still would find that it is impermissible for Kumaran to proceed *pro se* on behalf of NRCM in the event she were to be substituted as plaintiff. The

[4] In her papers, Kumaran seeks in the alternative to be joined "as an additional party, so that Kumaran may also advocate for and argue the interests on behalf of NRCM." (*See, e.g.*, Kumaran Vision Reply, 20-CV-3871 ECF No. 200, at 4 n.2; *see also, e.g.*, Kumaran 5/6/22 Mot. at 6.) Again, since Kumaran is not an attorney, she may not advocate or argue on behalf of NRCM.

11

reasons articulated by the Second Circuit in *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20

(2d Cir. 1983), for requiring an attorney to appear on behalf of entities like NRCM remain

applicable:

> [T]he conduct of litigation by a nonlawyer creates unusual burdens not only for
> the party [s]he represents but as well for [her] adversaries and the court. The lay
> litigant frequently brings pleadings that are awkwardly drafted, motions that are
> inarticulately presented, proceedings that are needlessly multiplicative. In
> addition to lacking the professional skills of a lawyer, the lay litigant lacks many of
> the attorney's ethical responsibilities, *e.g.*, to avoid litigating unfounded or
> vexatious claims.

*Id*. at 22. Kumaran should not be permitted to circumvent the general rule that a lay person is

prohibited from representing a company in federal court litigation by dissolving the corporate

entity. Such an action, no less than her prior attempt to skirt this rule through assignment of

NRCM's claims, would allow her to "flout a well-established and purposeful public policy by

means of a procedural device." *Id*. at 23; *see also Bell v. Manhattan Motorcars, Inc.*, No. 06-CV-

04972 (GBD), 2009 WL 111467, at *2 (S.D.N.Y. Jan. 16, 2009) (overruling objection that voluntary

dissolution was not a "mere procedural device" to circumvent general rule that individual

layperson should not represent the interest of artificial entity in federal court).

## CONCLUSION

For all the foregoing reasons, Kumaran's motion in the three related actions to substitute

herself as a plaintiff, in place of NRCM, in order to prosecute NRCM's claims is DENIED.

**SO ORDERED.**

Dated:    New York, New York
          May 31, 2022

_____
STEWART D. AARON
United States Magistrate Judge