```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
SAMANTHA SIVA KUMARAN, et al.,                                     :
                                                                   :
                                    Plaintiffs,                    :      1:20-cv-3871-GHW
                                                                   :
            -v -                                                   :         ORDER
                                                                   :
VISION FINANCIAL MARKETS, LLC, et al.,                             :
                                                                   :
                                    Defendant.                     :
                                                                   :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2022

GREGORY H. WOODS, United States District Judge:

On April 30, 2021, after Plaintiffs filed a number of separate pleadings in this case, The Honorable Stewart D. Aaron issued an order which required that, *inter alia*, "all plaintiffs (and intervenors) must join a single pleading signed by each (or counsel where applicable) with respect to the allegations made by her/it." Dkt. No. 69. In addition, Judge Aaron ordered that "[t]he motion by NAM and NHC to intervene shall be granted on consent unless they advise the Court in writing, no later than May 14, 2021, that they wish to proceed via a separate action, in which case they shall withdraw their motion by that date." *Id.*

On May 14, 2021, Ms. Kumaran filed a letter on the docket addressed to Judge Aaron "to confirm [Plaintiffs'] intention to file one single Amended Complaint" which would be "directed and controlled by Plaintiff Kumaran (*Pro-Se*)." Dkt. No. 70. Ms. Kumaran sought clarification of Judge Aaron's April 30, 2021 order and for correction under Federal Rule of Civil Procedure 60(a). *Id.* On May 28, 2021 Judge Aaron issued an order to docket. Dkt. No. 72. In the order, Judge Aaron granted NAM and NHC's motion to intervene on consent. *Id.* Second, in response to Ms. Kumaran's letter, Judge Aaron ordered that Plaintiffs comply with Judge Aaron's April 30, 2021 order.

On June 11, 2021, Ms. Kumaran filed an "appeal to district judge" and "motion for

clarification or reconsideration" of Judge Aaron's April 30, 2021 and May 28, 2021 orders. On June 14, 2021, Judge Aaron granted Ms. Kumaran's motion for reconsideration in part and amended the May 28, 2022 order. Dkt. No. 77. The amendment was limited to a sentence explaining the Court's conclusion and did not change the directives in the order. *See id.* The Vision Defendants filed an opposition to Ms. Kumaran's motion on June 25, 2021. Dkt. No. 79. Ms. Kumaran filed a reply on July 15, 2021. Dkt. No. 85.

Ms. Kumaran raises a number of objections to Judge Aaron's April 30, 2021 and May 28, 2021 orders under Federal Rule of Civil Procedure 72(a).[1] An objection directed at non-dispositive matters decided by the assigned magistrate judge will not be "modified" or "set aside" unless the magistrate judge's ruling is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Thai Lao Lignite*, 924 F. Supp. 2d at 512 (quoting *Moore v. Publicis Groupe, 2012 WL 1446534*, at *1 (S.D.N.Y. Apr. 26, 2012)). A magistrate judge's order is clearly erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

---

[1] Ms. Kumaran also asks for relief under Federal Rule of Civil Procedure 59(b). Rule 59(b), which governs the time period to file a motion for a new trial, is inapplicable. *See* Fed. R. Civ. P. 59(b). There has not been a trial in this case.

At the outset, Plaintiff's objections to Judge Aaron's April 30, 2021 order are untimely. Under Rule 72(a) a party must file objections to a magistrate judge's non-dispositive order "within 14 days" and "may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). "[T]he Second Circuit and courts within this Circuit have routinely held that failure to file objections to a magistrate judge's order in a timely manner operates as a waiver of such objections." *David v. Weinstein Co. LLC*, No. 18-CV-5414, 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020) (collecting cases). Because Plaintiffs' objections were not filed within 14 days of Judge Aaron's April 30, 2021 order, any objection to that order is untimely.

Plaintiff has not demonstrated that Judge Aaron's order granting NAM and NHC's motion to intervene on consent, or Judge Aaron's order directing Plaintiffs to comply with the Court's April 30, 2021 order, were clearly erroneous or contrary to the law. In addition, Plaintiff's objections largely amount to an attempt to challenge Judge Aaron's April 30, 2021 order. As discussed, however, those objections are untimely, and Plaintiff cannot avoid that consequence merely because Judge Aaron directed Plaintiffs to comply with his April 30, 2021 order in his May 28, 2021 order. For these reasons, Plaintiffs' objections are overruled.

SO ORDERED.

Dated: June 10, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge