USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2022

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. Vision Financial Markets et al* 1:20-Cv-03781-GHW-SDA

**LETTER MOTION TO STRIKE MS. VILLA'S LETTER ECF202 AND
ORDER FOR HER TO CEASE AND DESIST FURTHER FILINGS IN THIS ACTION**

Dear Judge Aaron,

On May 29, 2022 Defendant Villa filed yet another unscheduled letter in this action (Docket Number ECF202) this time asserting numerous untrue and frivolous accusations against me, Plaintiff Kumaran, in my individual capacity. The thrust of her fact-free letter, she wrongly accuses Plaintiff Kumaran of "ghost-writing" a letter filed by Attorney David Kostus, Esq which is available at 20-CV-3873 ECF147. Her letter starts by making false assertions, that the style of the letter somehow infers that I wrote the letter. However by affidavit hereto, I did not write the letter, I had nothing to do with the letter. Neither did I read, approve, authorize or vet the letter prior to its filing. It was filed without the Client's consent, knowledge or approval.

This renders majority of Ms. Villa's letter a vexatious and frivolous attack on me, accusing me or writing a letter <u>I had absolutely nothing to do with</u> – and is simply unwarranted and bad faith. I also have to object to the repeated attempts by Defendants in this action and related actions to pierce attorney-client privilege by the repeated filings on who penned letters, which person contributed to a filing. There are strict rules on what information needs to be shared under attorney-client privilege, and by reverse-engineering filings – and using false guesswork – which is then to wrongly accuse a party of writing a letter is another way to pierce attorney-client privilege.

I am writing to formally complain about the recent filings in ECF202 – that appears to attack me individually, for a filing made by an attorney, <u>that I did not even read prior, review or authorize</u>. As per the affidavit attached, since I had nothing to do with the filings submitted by David Kostus, Esq. in her referenced letters (20-CV-3873 *ECF*147), I respectfully request all references to me, Plaintiff Kumaran are struck. This is not the first time Villa, has taken to the ECF filing system, to join imaginary dots and make up fictional allegations against opposing parties.

Ms. Villa is also out of bounds, in similar fashion to ADMIS, trying to breach attorney client privilege by repeatedly accusing one plaintiff to disclose which portions of a letter were contributed to an attorney filed document. She continues to (incorrectly) attempt to pierce the attorney-client veil, and draw "inferences" on who wrote what. The Court should not allow parties to keep "guessing" and make false accusations about who authored a filing – that are completely baseless. As to the filing in question ECF147, this filing was made solely by Attorney Kostus. Given the majority of Villa's letter is an inappropriate insult on the writing style of the letter, that criticism is misplaced against me individually and should be struck.

I also object to Ms. Villa that draws a false accusation and constitutes misrepresentation to the Court that must be corrected. It also infers I somehow concealed Kostus was in Mexico during the May 13 conference. This is again false. From my understanding Mr. Kostus was not in Mexico during that time. And again the Court

is allowing Defendants to spill more falsehoods on the docket that need to be corrected. If Ms. Villa had read the transcript carefully, or the letters on the docket, I had notified the Court, she would know that Mr. Kostus had informed me he would be in Mexico the week of May 25.  I believe, that is in fact what happened, that Mr. Kostus did in fact travel to Mexico over the Memorial Day weekend for a wedding. However, I must object to the Court, Ms. Villa's constant use of the ECF to portray a stream of false allegations, not just falsely accusing me of "ghost writing" a letter I had not even reviewed or approved, and now accusing Kumaran of "hiding his whereabouts". I had no idea where Mr. Kostus was on the May 13 conference and any insinuations or "guessing" is bad faith and frivolous. I also object that I must continue to have to correct on the record false accusations.

Neither should the Court allow a Defendant to continue to try to pry open who is contributing to each of the motions, by "inferring" Kumaran wrote something, then condemning the writing style – and leaving a trail of false statements on the docket that need to be corrected. I had nothing to do with the filings at 20-CV-3873 ECF147. The irony of the situation is, when something is badly written, Villa jumps on pretending she thinks Kumaran wrote it (when I did not), and when something is well written everyone assumes the attorney must have written it. This is not a correct handling of attorney-client relationships – and neither are these assumptions correct. I therefore object and move to strike all references regarding Plaintiff Kumaran in that letter, as I had nothing to do with either the sequence of events, or the letters filed related to Mr. Kostus' hospital visits.[1] I also note that Ms. Villa's constant inappropriate berating of plaintiffs or their attorneys, is to drive up costs to Plaintiffs is part of the cohesive attack on Plaintiffs to damage attorney-client relationships. It is disappointing the Court is taking no action to stop the inappropriate filings.

Ms. Villa seems to have forgotten Judge Aaron's telephonic Order on April 30, 2021 in this action 20-CV-3873 clearly laying out the guidelines for attorney-client authored documents and the hierarchy for joint filings. There is still an appeal for Judge Woods to clarify these filing guidelines that are provided under 28 USC 1654. That motion is also still pending – and has been for almost 12 months on Appeal to Judge Woods (ECF74, ECF85). In the meantime, Ms. Villa should not be allowed to second guess every filing, and then portray false allegations as true, on "who she thinks" wrote each filing. It is precisely why Pro-Se filings are separated from counselled filings and Plaintiff has requested a separate index for the Pro-Se cases – which has not yet been reviewed by Judge Woods.

Further the Court's failure to control Ms. Villa's false filings on the record are now substantially prejudicing Plaintiff and its relationships with counsel. Without limitation, there was no ramification for Villa's frivolous motion to disqualify an attorney. Instead it drove up significant billable time from all parties, and was not based on any legitimate rules. It also drove up prejudice to Mr. MacMull who was also roped into frivolous motion practice.

The Court has yet to impose any restrictions on Villa's frivolous and voluminous filings – which are ridden in misinformation, incomplete facts and her "guesswork" to now repeatedly attempt to pierce the attorney-client veil in who contributes to filings. In this instance, her attacks on who wrote letters filed by Mr. David Kostus, Esq  is completely incorrect and her false accusation and misinformation on Plaintiff Kumaran completely unfounded.

---

[1] In my personal opinion, I do think it was an invasion of privacy for Ms. Villa to call the hospital to check up on Mr. Kostuss discharge status and then broadcast as such to the Court. I also note a complete disparity in the strict rules in filings by Pro Se Plaintiff against those being permitted for Pro-Se Villa.

I also need to correct more false allegations. She is also incorrect on the relationship with Mr. August, who had several other commercial arrangements he was involved in with Corporate Plaintiffs. I again reiterate and affirm on the record that never once in the last 3 months, December, January and February 2022, did Mr. August advise Plaintiffs he was too sick to work or wanted or needed to be relieved. The Court has yet to review the dozens of emails (I believe 30-40) emails related to the other commercial arrangements that Mr. August was more than willing spear head and representations made in Zoom Calls he was fine, and back at work. I do not believe I should have to keep rehashing an outdated motion to withdraw, with Ms. Villa cherry picking one sided facts, when the real facts, show scores and scores of emails in December, January and February 2022 with Mr. August fine and back and work, and not one communication to Plaintiffs, stating he was too sick to work, and in fact agreeing to take on more work on other matters. The Court should not ignore the facts, that former counsel, did not, contradict he failed to once dispute any of the commercial activities he was involved in, nor his ongoing dialog with third parties stating to them, he was fine to work.

Further the allegations that Ms. Villa makes that in March, April and May 2021 that Mr. August was unwell, are also contradicted by several telephone appearances in Court conferences that he never once advised the clients or the Court of any serious medical situations that barred his appearance. As I have stated on the record, Mr. August portrayed to me back then his treatments were minor, only 2 hours day for a few weeks and he had more than enough time to work on the case. If he had truly been too sick, he would not even appeared on "Zoom calls with video" with Ms. Chou and Ms. Villa and several, not just one, telephone conferences at the Court. Not once, did he advise the clients (or the Court) he was somehow incapacitated. He did not tell me he was not well to work.[2] The retainer Mr. August had was to remain on until the Motion to Dismiss. There were numerous other commercial activities he was pursuing with the client concurrent – never once, signaling to the Plaintiffs anything was rendering his abilities to work impaired. Ms. Villa again has no complete facts to review what happened, including the 30-40 emails in December, January and February from Mr. August to Plaintiffs and litigation funders, including Zoom calls, doing exactly the opposite of withdrawing, but accelerating his involvement in these matters. Therefore I should not need to keep correct a slew of false information being provided by Villa.

To the extent each time I have to correct the record, stop the false accusations, and also risk attorney-client privilege constantly being threatened, I respectfully seek an Order from the Court that

(a) Villa Cease and Desist any further filings in this action (unless requested by the Court) until a ruling on the outstanding motions to dismiss;
(b) The Court strike and remove all references to me, Kumaran, individually in the prior letter. Since I had absolutely nothing to do with the letters filed from Mr. David Kostus, Esq it is also an abuse of the litigation system for Ms. Villa to continue to file these false statements on the docket, and then for me to have to be forced to respond to correct the record.[3]
(c) An Order that Villa stop trying to pierce attorney client privilege in the joint filings (which the Court has ordered by combined) by a *Pro-Se* Plaintiff and counselled Plaintiffs.

Plaintiff respectfully reminds the Court there is a motion still pending for appeal to Judge Woods to resolve this combined filings between a *Pro-Se* Plaintiff and Counselled Plaintiff once and for all at *ECF*75 and

---

[2] Mr. August did not also explain to the Court he previously had cancer over twenty years ago and had been in full remission. Therefore since I had known him, Mr. August has been a cancer survivor, and back at work full time. Further, Mr. August has disclosed to me, he was again in full remission in 2021 after his treatments.

[3] Even though I am not a paid attorney, I also have a commercial rate and responding to false accusations and frivolous filings takes up time against commercial activities.

*ECF*84. Until this is resolved, Plaintiffs *Pro-Se* and Counselled, are required to share briefings and there should be no ongoing requests by Defendants to disclose which legal arguments are made by which party when the legal arguments and facts of this case are the same. Further, Villa's latest out of bounds request of accusing a *Pro-Se* Plaintiff of authoring Mr. Kostus individual attorney filings at ECF147 in case 20-Cv-3873 is simply bad faith and frivolous. As guided by the Court, I also respectfully seek the appropriate remedies and/or sanctions for having to respond to these unscheduled filings.  I had nothing to do with Mr. Kostus' hospitalization or his subsequent letters, and ask the Court strike all references to me in that letter accordingly. I only wish him a speed recovery. (Notable Ms. Villa's letter demonstrate not an ounce of compassion).

If there are further filings of this nature by Ms. Villa, or any further prejudice to Plaintiffs and their counsel, I will preserve my rights under the applicable rules,  also to file sanctions for my own time to have to deal with Ms. Villa's constant stream of <u>untruthful filings</u> which the Court has not made any reasonable attempt to control. I am here to discuss the merits of the case, and how an unregistered futures broker, was working full-time on a CTA and acquiring my proprietary trading records, with login access in Hawaii, front facing on customer accounts, grand larceny of theft of funds from the account and acting as an unregistered AP, during the exact period of time, substantial damages were incurred on my trading. Notably Ms. Villa has nothing to say about the 60 disgruntled investors in Texas all willing to testify against her boss Lazzara. Instead there is a record now that Villa has also committed fraud on the Court about, pretending she "did had no relationship with Lazzara consulting" – all the while maintaining a Lazzara Consulting work email and work communications, and soliciting accounts for him. Those are the merits before this case, not these ad-hominem attacks contained in ECF202 which are to divert attention for her own liability.[4]

In conclusion, I respectfully seek an Order from the Court for the relief above, including striking all references to me individually in ECF202, and also that Ms. Villa cease and desist any further filings, unless requested by the Court, and until the required rulings on the Motion to Dismiss.  Thank you.

Respectfully submitted,
//SSK//
Samantha S. Kumaran
Individual Plaintiff

> Application DENIED. As the Court previously has set forth, Rule 12(f) permits a court to strike only pleadings. (*See* ECF No. 103.) In addition, the Court finds that there is an insufficient basis at this time upon which to enjoin *pro se* Defendant Villa from making filings not explicitly requested by the Court. However, the parties are reminded to refrain from unnecessary filings and to limit their filings to the issues before the Court. SO ORDERED.
> Dated: June 13, 2022

---

[4] At the very least Villa is also liable for aiding and abetting, for her communications directly to plaintiffs, and fraudulent concealments, which she has admitted to the Court in May 2017, and her own duties under the CEA 2(A) as she was acting on behalf of Lazzara, bound by the same duties as an IB, and with knowledge of the risk services of High Ridges, knowingly failed to disclose material information she had a duty to disclose. Further the facts show the monies being stolen, coincided with the exact period of time Villa was retained to work and was purportedly "handling" Plaintiffs account. Villa has also admitted "everyone" had access to Plaintiffs trading account.