```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                          :

SAMANTHA SIVA KUMARAN, et al.,        :

                                      Plaintiffs,  :        1:20-cv-3871-GHW

                  -against-                :     MEMORANDUM OPINION &
                                                            :           ORDER

VISION FINANCIAL MARKETS, LLC, et al.,  :

                                      Defendants.  :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      Plaintiffs Samantha Siva Kumaran, Nefertiti Risk Capital Management, LLC ("NRCM"), Nefertiti Asset Management, LLC ("NAM"), and Nefertiti Holding Corporation ("NHC") brought this action alleging various state law claims and claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Defend Trade Secrets Act (the "DTSA"). On August 4, 2022, the Honorable Stewart D. Aaron issued an Order and Report and Recommendation (the "August 4 Order") in response to Defendants' motions to dismiss and partial motion to compel arbitration. In the August 4 Order, Judge Aaron granted Defendants' partial motion to compel arbitration. For the non-arbitrable claims, Judge Aaron recommended that the Court either dismiss the federal claims and decline to exercise supplemental jurisdiction over the state law claims, or that the Court stay the non-arbitrable claims pending the completion of arbitration. Plaintiffs have objected to Judge Aaron's order granting Defendants' partial motion to compel arbitration.

      Because Plaintiffs have not demonstrated that Judge Aaron's order granting the partial motion to compel arbitration was clearly erroneous or contrary to the law, Plaintiffs' objections are overruled. The Court agrees with Judge Aaron's alternative recommendation to stay the non-

arbitrable claims in this case. Accordingly, Defendants' motions to dismiss are denied without prejudice and this action is stayed pending arbitration.

## I.    BACKGROUND

The Court refers to the August 4 Order for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion. On September 17, 2021, *pro se* Defendant Julia Villa filed a motion to dismiss Plaintiffs' second amended complaint. Dkt. Nos. 98–99. On September 23, 2021, Defendants Vision Financial Markets, LLC, Howard Rothman, Robert Boshnack, High Ridge Holding Corporation, LLC, High Ridge Futures, LLC ("High Ridge"), H. Rothman Family, LLC, Boshnack Family, LLC, Vision Brokerage Services, LLC, John Felag, Vision Investment Advisors, LLC ("VIA"), Lazzara Consulting, Inc. ("LCI"), and Gerard Stephen Lazzara, filed a partial motion to compel arbitration of NRCM and NAM's claims against High Ridge, Rothman, Boshnack, Felag, LCI, Lazzara, and VIA, and filed a motion to dismiss the second amended complaint, or in the alternative, to stay the remaining claims pending arbitration. Dkt. Nos. 101–02. Plaintiffs filed their oppositions on December 14, 2021. Dkt. Nos. 114–16. Defendants filed their replies on January 14, 2022. Dkt. Nos. 126, 128.

Judge Aaron issued an Order and Report and Recommendation on August 4, 2022. Dkt. No. 237.[1] In the August 4 Order, Judge Aaron granted Defendants' partial motion to compel arbitration. *Id.* at 13. Next, Judge Aaron took up Defendants' motions to dismiss. Judge Aaron recommended that the Court dismiss Plaintiffs' remaining federal claims and that the Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See id.* at 24. In the

---

[1] The order at Dkt. No. 237 corrected a one-word typo on a previous order. *See* Dkt. No. 223 (previous order), Dkt. No. 236 (noting error). Dkt. No. 237 is thus the active R&R for purposes of this motion.

alternative, Judge Aaron recommended that the Court stay the non-arbitrable claims pending the completion of arbitration. *Id.*

On August 18, 2022, Plaintiffs filed objections to the August 4 Order. Dkt. Nos. 233–34. Defendants filed a response on September 1, 2022. Dkt. No. 239. NRCM, NAM, and NHC filed their reply on September 8, 2022. Dkt. No. 243. Ms. Kumaran filed her reply on September 12, 2022 after having been granted a brief extension. Dkt. No. 244.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). For dispositive motions, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But an objection directed at non-dispositive matters decided by the assigned magistrate judge will not be "modified" or "set aside" unless the magistrate judge's ruling is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). And "[d]istrict courts in this Circuit regularly have concluded that a motion to compel arbitration and stay litigation pending arbitration is non-dispositive . . . ." *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 227 n.1 (S.D.N.Y. 2020) (collecting cases), *objections overruled*, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021).

"[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Thai Lao*

3

*Lignite*, 924 F. Supp. 2d at 512 (quoting *Moore v. Publicis Groupe*, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012)). A magistrate judge's order is clearly erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III. APPLICATION

### A. Motion to Compel Arbitration

Because Judge Aaron's order granting Defendants' partial motion to compel arbitration was nondispositive, *see Chen-Oster*, 449 F. Supp. 3d at 227 n.1, Plaintiffs must show that the order was clearly erroneous or contrary to the law. *See* Fed. R. Civ. P. 72(a). Plaintiffs have not met that heavy burden.

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Courts in this Circuit engage in the following inquiry:

> [F]irst, [the court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

*JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75–76 (2d Cir. 1998), *abrogated on other grounds by Katz v. Cellco P'ship*, 794 F.3d

4

341, 344 (2d Cir. 2015)). "In accordance with the 'strong federal policy favoring arbitration as an alternative means of dispute resolution,' we resolve any doubts concerning the scope of arbitrable issues 'in favor of arbitrability.'" *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (quoting *State of N.Y. v. Oneida Indian Nation of N.Y.*, 90 F.3d 58, 61 (2d Cir. 1996)).

"In deciding a motion to compel arbitration, courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 179–80 (2d Cir. 2021) (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)). "Courts must 'consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits,' and must 'draw all reasonable inferences in favor of the non-moving party.'" *Id.* (quoting *Nicosia*, 834 F.3d at 229). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Nicosia*, 834 F.3d at 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). "[B]ut where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, we may rule on the basis of that legal issue and avoid the need for further court proceedings." *Id.* (quoting *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011)).

In the August 4 Order, Judge Aaron held that NRCM waived its right to object to arbitration for its claims against High Ridge, Rothman, Boshnack, Felag, LCI, and Lazzara. Judge Aaron observed that "[i]n the related case against ADMIS, the Court previously held that NRCM had to arbitrate its claims against ADMIS because it initiated arbitration and went on to participate in the arbitration for over a year and a half before filing a lawsuit in this Court." August 4 Order at 11 (citing *Kumaran v. ADM Inv. Servs., Inc.*, No. 20-cv-03873 (GHW) (SDA), 2021 WL 2333645, at *4–5 (S.D.N.Y. June 7, 2021)). "Because NRCM also initiated the arbitration against High Ridge,

5

Rothman, Boshnack, Felag, LCI and Lazzara," Judge Aaron granted the motion to compel arbitration of NRCM's claims against those Defendants. *Id.*

NRCM argues that Judge Aaron's reliance on the related case against ADMIS is improper because, unlike in that case, "none of the Plaintiffs have a signed Arbitration Agreement with any of the Defendants." Dkt. No. 223 at 1. However, in the R&R, Judge Aaron expressly explained that "[a]lthough ADMIS also moved to compel arbitration based on a written arbitration agreement between ADMIS and NRCM, the Court found that 'by initiating arbitration against ADMIS, NRCM agreed to arbitrate its claims, regardless of any prior agreement to do so,'" and therefore, "the fact that there is no similar written agreement to arbitrate in this case does not change the Court's conclusion." August 4 Order at 11 n.10. Judge Aaron did not rely on an arbitration agreement, but instead held that NRCM through its conduct had agreed to arbitrate its claims and waived the right to object to the arbitration because it had initiated arbitration against High Ridge, Rothman, Boshnack, Felag, LCI, and Lazzara. "Although a party is bound by an arbitral award only where it has agreed to arbitrate, an agreement may be implied from the party's conduct." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) (*quoting Gvozdenovic v. United Air Lines*, 933 F.2d 1100, 1105 (2d Cir.1991)). "[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration." *Id.* NRCM has not established that it was clear error for Judge Aaron to conclude that NRCM had agreed through its conduct to participate in, and waived its right to object to, the arbitration.

Next, Judge Aaron held that NRCM's claims against VIA arose while NRCM and VIA were both NFA members, and therefore, pursuant to NFA Bylaw 301, "NRCM was required to submit its claims against VIA to NFA arbitration." August 4 Order at 12. Similarly, Judge Aaron held that NAM's claims arose while it was an NFA member, and thus it had agreed to arbitrate its claims

6

against High Ridge, Rothman, Boshnack, Felag, LCI, Lazzara and VIA. Accordingly, Judge Aaron granted the motion to compel arbitration as to NRCM's claims against VIA and as to NAM's claims against High Ridge, Rothman, Boshnack, Felag, LCI, Lazzara, and VIA. NRCM and NAM argue that Judge Aaron erred because arbitration over their claims would be time-barred under the NFA rules. However, as Judge Aaron explained, "the issue of timeliness of arbitration must be resolved by the arbitrators in the first instance." August 4 Order at 12 n.12 (first citing *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 34–35 (2014); and then citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002)). NRCM and NAM fail to refute this portion of the August 4 Order. The Court has reviewed the remainder of NAM and NRCM's objections and concludes that they have not established that Judge Aaron's clearly erred in concluding that their claims arose while they were NFA members and therefore they had agreed to submit their claims against other NFA members to arbitration.

NRCM and NAM raise a number of additional objections to the August 4 Order. First, NRCM and NAM argue that Judge Aaron failed to consider whether the federal statutory claims in this case are non-arbitrable. "[I]f federal statutory claims are asserted, [the Court] must consider whether Congress intended those claims to be nonarbitrable." *JLM Indus.*, 387 F.3d at 169 (quoting *Oldroyd*, 134 F.3d at 75–76). "[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 92 (2000); *see Bird v. Shearson Lehman/American Express*, 926 F.2d 116, 119 (2d Cir. 1991) ("The burden of demonstrating such congressional intent rests with the party opposing arbitration."); *see also Daly v. Citigroup Inc.*, 939 F.3d 415, 422 (2d Cir. 2019) ("The plaintiff has therefore failed to meet her burden of showing with respect to either her Title VII or EPA claim that Congress intended to preclude her claims from arbitration."). "Such an intent 'will be deducible from [the statute's] text or legislative history,' or from an inherent conflict

7

between arbitration and the statute's underlying purposes.'" *Bird*, 926 F.2d at 119 (quoting *Shearson/American Express v. McMahon*, 482 U.S. 220, 227 (1987)).

Plaintiffs' RICO and DTSA claims are the only federal statutory claims asserted in this case. NRCM and NAM's objection plainly fails because, by their own admission, they did not argue that their RICO or DTSA claims are non-arbitrable.[2] *See* Dkt. No. 243 at 2 n.3. Moreover, NRCM and NAM expressly state that their objection "has nothing to do with RICO and DTSA claims" and disclaim any argument regarding the arbitrability of the RICO and DTSA claims as a "red-herring." *Id.* at 4 n.6. Instead, NRCM and NAM attempt to rely on the Commodity Exchange Act (the "CEA") and argue that Congress intended for CEA claims to be non-arbitrable. However, Plaintiffs have not asserted any claims under the CEA in this case. Thus, NRCM and NAM have not shown that Congress intended to preclude their federal claims from arbitration.

Normally, that would end the Court's inquiry. Here, however, NRCM and NAM reach further and assert that the CEA prohibits the Court from compelling arbitration over any of the claims in this case, notwithstanding that Plaintiffs have not asserted claims under the CEA.

To support their argument, NRCM and NAM invoke CEA § 22(c). CEA § 22(c), which is codified at 7 U.S.C. § 25(c), provides that "district courts shall have exclusive jurisdiction of actions brought under this section." 7 U.S.C. § 25(c). To reiterate, however, Plaintiffs have not asserted any claims under the CEA and therefore this action was not "brought under" the CEA. NRCM and NAM argue for a more expansive reading of CEA § 22(c). Rather than being limited to "actions brought under this section [of the CEA]," NRCM and NAM maintain that the provision applies to "related actions," which are not themselves brought under the CEA. They write that "a federal Court has exclusive jurisdiction over all actions and related actions" in which a Plaintiff asserts a

---

[2] Further, "[t]here is no longer any doubt that a RICO claim is arbitrable." *Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 469 (2d Cir. 1991); *see also Kowalewski v. Samandarov*, 590 F. Supp. 2d 477, 491 (S.D.N.Y. 2008) ("Arbitration agreements relating to RICO claims are indisputably enforceable.").

8

claim under the CEA. Dkt. No. 243 at 3. They present this argument in conclusory fashion without legal support. The argument is profoundly flawed. Principally that is because their position ignores the text of the statute, which could not be clearer: it applies to actions "brought under" the relevant section of the CEA. It does not speak to actions with similar facts or parties that are not "brought under" the relevant statute.[3]

While the Court need not reach the question here, the Court notes that there are substantial flaws in Plaintiffs' argument that CEA § 22(c) prohibits the Court from compelling arbitration over case that has been brought under the CEA. NRCM and NAM do not cite any authority to support their proposition that CEA § 22(c) renders CEA claims non-arbitrable. NRCM and NAM merely presume that CEA § 22(c) renders CEA claims non-arbitrable because the statute grants exclusive jurisdiction to federal courts. But other statutes containing the same language have been held to be arbitrable. For example, the Securities Exchange Act provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa(a). Yet, in *Shearson/American Express v. McMahon*, 482 U.S. 220 (1987), the Supreme Court held that certain claims brought under that act may be subject to arbitration. *Id.* at 238; *see also Gilmer v.*

---

[3] This argument is based on a misunderstanding of the Southern District's "related case" rule. That rule is derived from the Rules For the Division of Business Among District Judges, Southern District of New York (the "Rules For Division of Business"), which, as the name implies is a set of rules that govern the assignment of cases in this district. It is not a nationwide standard that Congress might have expected to be encompassed within the statute. Rule 13 of those rules establishes a number of criteria to be considered by a district judge when assessing relatedness. Rule 13(a) ("In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions, or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses."). However, "[t]he decision whether to accept or to reject a case is solely in the judge's discretion, and the parties have absolutely no say in the decision . . . ." 1 Civil Practice in the Southern District of New York § 1:13 (2d ed.). Indeed, the rules specify that they "are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys." Rules For the Division of Business, Preamble. Plaintiff's argument that the Southern District's related case rule somehow supersedes or is incorporated into the statutory text of the CEA rests on a misunderstanding of the nature and effect of the rules.

9

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, (1991) ("It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA. Indeed, in recent years we have held enforceable arbitration agreements relating to claims arising under the Sherman Act, 15 U.S.C. §§ 1–7; § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*; and § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2).").

"Although all statutory claims may not be appropriate for arbitration, '[h]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.'" *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). The sole basis for Plaintiffs' argument that Congress has evinced an intention to preclude arbitration is the language of the CEA that provides that federal courts will have exclusive jurisdiction for claims brought under CEA § 22(c). But in *Shearson/American Express*, the Court determined that language that parallels that language was not a sufficient indicia of Congress's intention to preclude a waiver of judicial remedies. Therefore, while it need not reach this question here, the Court questions the merit of the underlying premise of Plaintiffs' argument.

Next, NRCM and NAM argue that the Court has supplemental jurisdiction over the claims asserted against the NFA in Case No. 20-cv-3668. Similarly, NRCM and NAM argue that the NFA is a necessary party to this case. Yet, Plaintiffs have not asserted any claims against the NFA in this action. Nor have Plaintiffs sought to join the NFA as a defendant, or to consolidate this case with Case No. 20-cv-3668. The Court declines to consider these issues because Plaintiffs did not raise them before Judge Aaron. "Courts generally do not entertain new legal arguments not presented to the magistrate judge." *See Anderson v. Phoenix Beverage Inc.*, No. 12-cv-1055, 2015 WL 737102, at *2–3 (E.D.N.Y. Feb. 20, 2015) (denying Rule 72(a) objection and affirming the decision of the magistrate

10

judge where the objection was based on case law never raised to the magistrate judge); *see also Pagan v. C.I. Lobster Corp.*, No. 20-cv-7349, 2022 WL 356428, at *3 n.1 (S.D.N.Y. Feb. 4, 2022) ("Numerous district courts decline to consider new arguments or factual assertions raised on review of a magistrate judge's order."); *Robinson v. Keane*, No. 92-cv-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("An objecting party may not raise new arguments that were not made before the Magistrate Judge.").

Finally, NRCM and NAM raise additional objections which substantively repeat the same arguments that NRCM and NAM made to Judge Aaron. Rule 72(a) objections are not a mechanism to obtain a second bite of the apple. As the standard of review makes clear, the Court does not review Judge Aaron's order *de novo*. "[T]he magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-md-1720, 2021 WL 4775553, at *3 (E.D.N.Y. Jan. 14, 2021) (quoting *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)). Rather, NRCM and NAM bear the burden of establishing that Judge Aaron's order was clearly erroneous or contrary to the law. Having reviewed the remainder of NRCM and NAM's objections, the Court concludes that NRCM and NAM have failed to meet their heavy burden. Accordingly, NRCM and NAM's objections are overruled.

### B. Non-Arbitrable Claims

In the August 4 Order, Judge Aaron recommended two potential approaches for the disposition of the remaining non-arbitrable claims. First, Judge Aaron recommended that the Court dismiss the remaining federal claims and that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. *See* August 4 Order at 24. In the alternative, Judge Aaron recommended that the Court stay the remaining claims pending the completion of arbitration. *Id.* NHC and Ms. Kumaran object to Judge Aaron's recommendation to reach the merits of their

claims, rather than to stay their claims pending arbitration.

"The decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987); *see also White v. Cantor Fitzgerald, L.P.*, 393 F. App'x 804, 808 (2d Cir. 2010) (summary order) ("[T]he district court is not required to stay the litigation of the nonarbitrable claims before it . . . pending the outcome of any arbitrated claims."). The Court must balance several factors, in its discretion, in deciding whether to grant a stay of non-arbitrable claims. "The Court must consider factors such as the desirability of avoiding piecemeal litigation and the degree to which the cases necessitate duplication of discovery or issue resolution." *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 110 (S.D.N.Y. 2017) (quotation omitted). "A discretionary stay is particularly appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims." *Id.* at 110–11 (quotation omitted); *see also Moore v. Interacciones Glob., Inc.*, No. 94-cv-4789, 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) ("It is well-settled that claims are appropriately stayed when they involve common issues of fact and law with those subject to arbitration or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants."). Similarly, "[b]road stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit." *Genesco*, 815 F.2d at 856.

The Court should also consider whether the issues decided in the arbitration are "likely to have preclusive effect over some or all of the claims not subject to arbitration." *Katsoris*, 237 F. Supp. 3d at 111 (quotation omitted); *see also CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration." (quotation omitted)). And "a court should bear in mind that if the nonarbitrable claims are stayed pending arbitration of a [claimant's] other claims, then the

[claimant] may wait 'months, if not years, before [her] nonarbitrable claims will be heard by a federal court.'" *Klein v. ATP Flight Sch., LLP*, No. 14-cv-1522, 2014 WL 3013294, at *11 (E.D.N.Y. July 3, 2014) (quoting *Chang v. Lin*, 824 F.2d 219, 222 (2d Cir. 1987)).

Considering these factors, the Court concludes that a stay of the remaining claims in this case is appropriate. As Judge Aaron observed, there is "significant factual overlap between the claims in this action." August 4 Order at 24. Accordingly, the Court adopts Judge Aaron's alternative recommendation to stay the non-arbitrable claims in this action. *See Gem City Mgmt. v. Rinde*, No. 21-cv-7676, 2022 WL 4133429, *6 (S.D.N.Y Sept. 12, 2022) ("Where, as here, some of the parties are bound by arbitration and some are not, courts routinely stay all proceedings pending the resolution of the arbitration—particularly where the arbitrable and non-arbitrable claims arise out of the same set of facts." (collecting cases)).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' objections to Judge Aaron's order granting Defendants' partial motion to compel arbitration are overruled. Defendants' motions to dismiss are DENIED without prejudice. This action is hereby STAYED pending arbitration, and the parties are directed to file a joint status letter no later than seven days following the conclusion of the arbitration.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 98 and 101.

SO ORDERED.

Dated: December 6, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge