Case 3:22-cv-01653-MPS   Document 246   Filed 12/06/22   Page 1 of 2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
SAMANTHA SIVA KUMARAN, *et al.*,                               :
                                                               :
                                        Plaintiffs,            :    1:20-cv-3871-GHW
                                                               :
                -v -                                           :    ORDER
                                                               :
VISION FINANCIAL MARKETS, LLC, *et al.*,                       :
                                                               :
                                        Defendants.            :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

   Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426–27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))).

   To determine whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of

relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–60 (S.D.N.Y. 2011).

The Court had previously ordered the Plaintiffs in this case to show cause why this action should not be transferred to the District of Connecticut. Dkt. No. 156. In that order, it had noted that only one of thirteen defendants in this case resides in New York, while nine are Connecticut residents. *Id.* at 2. Moreover, the Court noted that the complaint in this case primarily "alleges that the fraudulent acts took place in Connecticut or Texas," not New York. *Id.* These facts suggested that venue might properly lie in Connecticut rather than in New York. And on June 16, 2022, the Plaintiffs in this case indicated that they agreed with the Court's venue conclusion by jointly moving to transfer this case to Connecticut. Dkt. No. 214. That motion was stayed, however, "pending resolution of any timely objections to Judge Aaron's Report and Recommendation" concerning Defendants' motion to compel arbitration and to dismiss this case. Dkt. No. 231.

On December 6, 2022, the Court resolved those objections by entering an order denying Plaintiffs' objections to Judge Aaron's order granting Defendants' partial motion to compel arbitration, denying Defendants' motions to dismiss, and staying this action pending arbitration. Dkt. No. 245. In light of the facts noted in the order to show cause, as well as Plaintiffs' consent to transfer, the Court hereby transfers this action to the District of Connecticut.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 214 and to transfer this case to the United States Federal Court for the District of Connecticut.

SO ORDERED.

Dated: December 6, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge